**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In re* Application of ICM SPC on behalf of Ancile Special Opportunity and Recovery Fund Segregated Portfolio Pursuant to 28 U.S.C. § 1728 for Discovery in Aid of Foreign Proceedings<br><br>ICM SPC,<br><br>               Petitioner. | No. MC-23-00023-PHX-DLR<br><br>**ORDER** |

      Pending is an application under 28 U.S.C. § 1782 for the issuance of subpoenas for the purpose of obtaining discovery for use in a foreign proceeding filed by Petitioner ICM SPC ("ICM") on behalf of Ancile Special Opportunity and Recovery Fund Segregated Portfolio ("ASOR"). (Doc. 1.) The application will be granted.

      Upon application by any interested person, § 1782 allows a district court to order a person residing within its district to produce documents or give testimony for use in a foreign proceeding. "There are thus three threshold requirements for compelling discovery under § 1782: (1) the person from whom discovery is sought must 'reside' or be 'found' in the district; (2) the discovery must be for use in a proceeding in a foreign tribunal; and (3) the applicant must be an 'interested person.'" *In re Godfrey*, 526 F. Supp. 2d 417, 418 (S.D.N.Y. 2007). If these requirements are met, "[t]he statute authorizes, but does not require," the district court to compel the requested discovery. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). In exercising its

discretion to grant or deny a request under § 1782, the court considers several factors, including: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the request is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Id.* at 264-66. In weighing these factors, the court must be mindful of "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistant to our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotations and citation omitted).

Petitioner's application satisfies the three threshold requirements of § 1782. Petitioner seeks discovery from Domains by Proxy, LLC ("DBP") and GoDaddy.com, LLC ("GoDaddy"), both of whom reside or are found in this District. Petitioner seeks this discovery for use in a foreign proceeding pending in the Eastern Caribbean Supreme Court, High Court of Justice of the British Virgin Islands. And Petitioner, as a party to that foreign proceeding, is an interested party. As for the discretionary factors, DBP and GoDaddy are not parties to the foreign proceeding; there is no reason to believe the Eastern Caribbean Supreme Court, High Court of the British Virgin Islands would be unreceptive to judicial assistance from the United States; there is no evidence that Petitioner is attempting to circumvent foreign proof-gathering restrictions; and on their face, Petitioner's proposed subpoenas do not appear unduly intrusive or burdensome. To the extent DBP or GoDaddy feel otherwise, they may raise their objections after being served with the subpoenas. Accordingly,

**IT IS ORDERED** that Petitioner's § 1782 application (Doc. 1) is **GRANTED** as follows:

1. Petitioner may serve this Order and the subpoenas attached to the § 1782 application as Exhibit A and Exhibit B upon DBP and GoDaddy.

2. Petitioner is authorized to issue additional subpoenas for deposition testimony and the production of documents as Petitioner reasonably deems appropriate and as is consistent with the Federal Rules of Civil Procedure.

3. DBP and GoDaddy are ordered to comply with the subpoenas in accordance with and subject to their rights under the Federal Rules of Civil Procedure and the Rules of this Court.

Dated this 26th day of June, 2023.

Douglas L. Rayes
United States District Judge